83,238-01,02

MARK ANTHONY RODRIGUEZ #1620578
(999 RETRIEVE RD., WAYNE SCOTT UNIT
ANGLETON, TEXAS 77515-6618

APRIL 26, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 29 2015

Abel Acosta, Clerk

Hon. Chris Daniel, Clerk
P. O. Box 4651
Houston, Texas    77210-4651

RE:   EX PARTE MARK ANTHONY RODRIGUEZ, Cause Nos.   1349278-A & 1349279-A,
183rd District Court, Harris County, Texas
OBJECTIONS

Dear Clerk:

Enclosed please find the Original of my OBJECTIONS to the State's Original Answer, Habeas Court's Adoption of State's Proposed Findings of Fact and Conclusions of Law & Trial Judge's Failure to Recuse. Please file them and bring them to the Court's attention in its first day of business after receipt hereof and also, please forward, per Tex.R.App.P. 73.4(b)(2) & (4), these OBJECTIONS to the Texas Court of Criminal Appeals as part of the Habeas Record previously forwarded to that court.

Also, please note that a copy of this instrument has been served on the attorney representing the State of Texas in this matter as named below on same date.

Finally, a Courtesy Copy of this document has also been forwarded to the Clerk of the Texas Court of Criminal Appeals on this same date.

Thank you for your time and attention in this matter. I will await your reply regarding this matter.

Sincerely,

MARK ANTHONY RODRIGUEZ

c: Hon. Pamela C. Paaso, Assistant District Attorney, Harris County, Texas;
cc: Hon. Abel Acosta, Clerk, Texas Court of Criminal Appeals, Austin, Texas.

CAUSE NOS.    1340278-A & 1340279-A

EX PARTE                             §        IN THE DISTRICT COURT

MARK ANTHONY RODRIGUEZ,              §        OF HARRIS COUNTY, TEXAS

APPLICANT                            §        183RD JUDICIAL DISTRICT

## OBJECTIONS TO STATE'S ORIGINAL ANSWER, HABEAS COURT'S ADOPTION OF STATE'S PROPOSED FINDINGS OF FACTS & CONCLUSIONS OF LAW & TRIAL JUDGE'S FAILURE TO RECUSE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Mark Anthony Rodriguez, Applicant herein, and respectfully submits these OBJECTIONS TO THE STATE'S ANSWER, THE HABEAS COURT'S FINDINGS AND FAILURE TO RECUSE. In support of these OBJECTIONS, Applicant will show the following, to-wit:

## I.   CURRENT PROCEEDINGS

1. The State, in its Original Answer ("Answer"), posits that "applicant's allegation of trial court error is a 'record claim' that should have been raised in the trial court and on direct appeal. Consequently, the applicant is now procedurally barred from raising this issue by way of habeas." Answer at 2; see also Trial court's Findings of Fact and Conclusions of Law ("Findings") at 2 ¶1.

OBJECTION(S):

Applicant contends, and the trial record supports, the fact

1

this claim was not raised on direct appeal; however, the State, conveniently, omits the fact that at the commencement of the guilt/innocence phase of trial, defense counsel, again, objected to the trial court's comments regarding the prior convictions. see MEMORANDUM OF LAW at 3 ¶1. Thus, while this issue may not have been raised on direct appeal, it surely was timely preserved, and the habeas court's adoption, without more, of the State's proposals was yet another error that requires that this issue be returned to the trial court for a hearing.

In adopting the State's proposals (the Findings of Fact & Conclusions of Law), the Habeas Court and the State, effectively misled Applicant to his detriment during the plea bargaining process, possibly even rendering the whole process violative of Applicant's Due Process rights under the 6th and 14th Amendment to the U.S. Constitution---the trial court was aware of Applicant's desire and intent to appeal this issue and so acknowledged. see 4 RR 4 ("... all issues raised on voir dire, the case-in-chief, are still on the table ..."); SEE & cf. SEALLHORN V. STATE, 732 S.W.2d 636, 637 (Tex.Crim.App.1987)(where it is obvious from the record that the trial court, defense counsel and the appellant are laboring under the false impression an appeal is in order, the plea was not entered voluntary and knowing).

2. In its Reply to Applicant's Second Ground for Relief, the ineffective assistance of appellate counsel claim, Applicant's Writ at 9, Memorandum of Law In Support at 12, the State attempts to obfuscate the issue by concentrating solely on the voir dire

2

portion to support its claim that Ms. Miller failed to object, however, as abovementioned, Ms. Miller timely objected to the trial court's commenting on the evidence of the prior convictions at the commencment of the guilt/innocence phase of trial and this matter is preserved and ripe to determination. Id. at 1-2; 3 RR 7.

OBJECTION(S):

Applicant objects to the State's position as indicated above and to the habeas court's adoption of the State's proposals, and for denying an evidentiary hearing on the issue of ineffective assistance of appellate counsel, and specifically requests that an evidentiary hearing be held to resolve this issue because the issue of the trial court committing error by displaying and commenting on the evidence was/is a viable appellate issue and appellate counsel made no effort to raise it on direct appeal, causing Applicant prejudice by depriving him of an opportunity to have his conviction and/or sentence overturned on appeal.

3. The Habeas Court, without holding any type of hearing, summarily adopted the State'sProposed Findings Of Fact and Conclusions Of Law (Findings), without even reviewing the trial record in order to be in a position to "recall" the events in question. Additionally, Applicant also objects to the trial court's failure to resuse=itself because it had an interest in the outcome of these proceedings---questioning its judgment on commenting on the evidence of the prior convictions in the jury's presence.

3

# PRAYER

WHEREFORE, PREMISES CONSIDERED, Applicant prays this Honorable Court will return this case to the trial court to conduct an evidentiary hearing to resolve the issues raised in his habeas application; to forward Applicant's Recusal Motion to the Regional Judge for determination; and grant any other and further relief, at law or in equity, and consistent with the relief requested hereinabove.

RESPECTFULLY SUBMITTED,

MARK ANTHONY RODRIGUEZ #1620976
6999 RETRIEVE RD., WAYNE SCOTT UNIT
ANGLETON, TEXAS   77515-0618

Applicant    Pro-Se

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this instrument has been served by placing same in the prison's legal receptacle for outgoing legal mail, U.S. First Class postage prepaid, on this the 26, 2015, addressed to:

Ms. Pamela S. Passo
Assistant District Attorney
1201 Franklin, 6th Floor
Houston, Texas    77002

APRIL 26, 2015

Attorney for the State of Texas

MARK ANTHONY RODRIGUEZ

4